UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NIVIA D.,

                Plaintiff,

v.                                                                                          5:21-CV-0392
                                                                                            (ML)
COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OLINSKY LAW GROUP<br>  Counsel for the Plaintiff<br>250 South Clinton Street-Suite 210<br>Syracuse, New York 13202 | CAEDEN SEHESTED, ESQ. |
| SOCIAL SECURITY ADMINISTRATION<br>  Counsel for the Defendant<br>J.F.K. Federal Building, Room 625<br>15 New Sudbury Street<br>Boston, Massachusetts 02203 | MICHAEL L. HENRY, ESQ.<br>Special Assistant U.S. Attorney |

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER

      Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1]  Oral

---

[1]  This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

argument was heard in connection with those motions on September 20, 2022, during a telephone conference conducted on the record.  At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 18) is DENIED.

2) Defendant's motion for judgment on the pleadings (Dkt. No. 21) is GRANTED.

3) The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4) Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5) The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: September 22, 2022
      Binghamton, New York

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK
_____
D

vs.                                    5:21-CV-0392

COMMISSIONER OF SOCIAL SECURITY



_____
```

DECISION AND ORDER

September 20, 2022

The HONORABLE MIROSLAV LOVRIC,

DISTRICT MAGISTRATE JUDGE

A P P E A R A N C E S

For Plaintiff:     CAEDEN SEHESTED, ESQ.

For Defendant:     MICHAEL HENRY, ESQ.

*Ruth I. Lynch, RPR, RMR, NYSRCR*
*Official United States Court Reporter*
*Binghamton, New York 13901*

1          THE COURT:  All right.  The Court's going to begin
2   its analysis and decision as follows:
3          Plaintiff, on behalf of her minor son, the minor
4   son's initials are L.A.L.D., and the minor son will be
5   referred to by the Court as the claimant.  So the plaintiff,
6   on behalf of her minor son L.A.L.D., who is the claimant,
7   has commenced this proceeding pursuant to Title 42 United
8   States Code Sections 405(g) and 1383(c) to challenge the
9   adverse determination by the Commissioner of Social Security
10  finding that claimant was not disabled at the relevant times
11  and therefore ineligible for the benefits sought.  And by
12  way of background the Court notes as follows:
13         The claimant was born in 2006.  Claimant is
14  currently approximately 15 years of age.  Claimant was
15  approximately 7 years of age at the alleged onset of his
16  disability on August 1st of 2014.  Claimant lives with
17  plaintiff, his father, and two older brothers.  Plaintiff
18  testified that she did not work and that claimant's father
19  was on disability.
20         Procedurally, the Court notes as follows:
21         The plaintiff applied for Title XVI benefits for
22  the -- on behalf, I should say, of the claimant on
23  December 4th of 2018 alleging an onset date of August 1,
24  2014.  In support of her claim for disability benefits,
25  plaintiff claims claimant's disability is based on a brain

tumor, migraines, asthma, ADHD, a learning disorder, and acid reflux.

Administrative Law Judge David Romeo conducted a hearing on June 3rd of 2020 to address plaintiff's application for benefits on behalf of the claimant minor. ALJ Romeo issued an unfavorable decision on July 9th of 2020.  That became a final determination of the agency on February 2nd of 2021, when the Social Security Administration Appeals Council denied plaintiff's application on behalf of the claimant for review.

This action was commenced on April 3rd of 2021, and it is timely.

In his decision, ALJ Romeo applied the three-step test for determining whether a minor has been under a disability.

At step one, the ALJ concluded that claimant had not engaged in substantial gainful activity since November 27 of 2018, that being the application date.

At step two, the ALJ concluded that claimant suffers from severe impairments, specifically neurocognitive and neurodevelopment disorders; migraine headaches; asthma; a depressive disorder; attention deficit hyperactivity disorder, also known as ADHD; mild intellectual disorder; and cerebellar tonsillar ectopia.

At step three, ALJ Romeo concluded that claimant's

conditions do not meet or medically equal a severity of one of the listed impairments in 20 CFR Sections 416.924, 416.925, and 416.926.  More specifically, the ALJ focused on the following listings:  Listing 103.03 dealing with asthma; 11.02 dealing with neurological childhood seizures; 112.02 dealing with neurocognitive disorders, childhood; listing 112.04 dealing with depressive, bipolar, and related disorders, childhood; listing 112.05 dealing with intellectual disorder, childhood; and listing 112.11 dealing with neurodevelopmental disorders, childhood.

For listings 112.02 and 112.04 and 112.05, as well as 112.11, the ALJ considered whether paragraph B or paragraph Y criteria were satisfied for the mental impairments.  With respect to the paragraph B criteria, the ALJ found that claimant has, one, a moderate limitation in understanding, remembering, or applying information; two, a moderate limitation in interacting with others; three, a moderate limitation with concentrating, persisting, and maintaining pace; and, four, a moderate limitation adapting or managing oneself.  In addition, the ALJ found that claimant does not have an impairment or combination of impairments that functionally equals the severity of listings at 20 CFR sections 416.924(d) and 416.926a.  More specifically, the ALJ found that the claimant, one, has less than marked limitation in acquiring and using information;

1   two, has less than marked limitation in attending and
2   completing tasks; three, has less than marked limitation in
3   interacting and relating with others; four, has no
4   limitation in moving about and manipulating objects; five,
5   has less than marked limitation in the ability to care for
6   himself; and, six, has less than marked limitation in health
7   and physical well-being.  As a result, the ALJ found that
8   claimant was not disabled as defined in the Social Security
9   Act since November 27 of 2018, the date the application was
10  filed.
11              Now, as the parties know, this Court's functional
12  role in this case is limited and extremely deferential.  I
13  must determine whether correct legal principles were applied
14  and whether the determination is supported by substantial
15  evidence, defined as such relevant evidence as a reasonable
16  mind would find sufficient to support a conclusion.  As the
17  Second Circuit noted in the case of Brault V. Social
18  Security Administration Commissioner, that's found at
19  683 F.3d 443, a 2012 case, the Circuit noted that this
20  standard is demanding, more so than the clearly erroneous
21  standard.  The Court noted in Brault that once there is a
22  finding of fact, that fact can be rejected only if a
23  reasonable fact-finder would have to conclude otherwise.
24              Now, on appeal, plaintiff raises two contentions
25  in this appeal before this Court.  First, plaintiff argues

1  that the ALJ erred in evaluating the opinion evidence
2  according to 20 CFR Section 416.920c.  Secondly, plaintiff
3  also argues that claimant's impairment does meet listing
4  112.04 dealing with depressive, bipolar, and related
5  disorders, childhood.
6          The Court begins its analysis by stating as
7  follows:  For the reasons set forth in defendant's brief, I
8  find that substantial evidence supports the ALJ's evaluation
9  of the opinion evidence.  Plaintiff focused her arguments on
10 the opinion of Dr. Quinones-Guzman so the Court focuses its
11 analysis and decision there as well.  This Court notes the
12 following:
13         This Court has held that, quote, while a reviewing
14 court may not affirm the Commissioner's decision based on an
15 impermissible post-hoc rationalization, it may affirm where
16 the ALJ's consideration of the relevant factors can be
17 gleaned from the ALJ's decision as a whole.  For this
18 proposition the Court cites John L.M. versus Kijakazi,
19 that's found at 21-CV-368.  That's a 2022 case.  It can be
20 found at West Law 3500187 at page 2.  And that is a Northern
21 District New York case issued by Chief Judge Sannes on
22 August 18th of 2022.  And therein Judge Sannes cites the
23 case of Ricky L. versus Commissioner of Social Security,
24 20-CV-7102, and that's a 2022 case.  That can be found at
25 West Law 2306965 at page 4.  And that is a Western District

1   New York June 27th of 2022 case.
2               In this case the ALJ's evaluation of
3   Dr. Quinones-Guzman's opinion considered the supportability
4   and consistency factors.  Although the ALJ did not elaborate
5   on this point specifically in his decision of
6   Dr. Quinones-Guzman's opinion, the ALJ's stated that he --
7   the ALJ -- excuse me, the ALJ stated that he found the
8   opinion of Dr. Quinones-Guzman not persuasive because the
9   record documented, quote, few positive clinical findings and
10  was not consistent with the objective medical evidence, the
11  school records and reports, and the claimant's functioning
12  in other reports of treatment, end quote.  Indeed, when
13  viewing the ALJ's decision as a whole, it is clear that the
14  ALJ noted the inconsistency of Dr. Quinones-Guzman's opined
15  limitations with moving about and manipulating objects.
16  More specifically the Court notes that the ALJ indicated as
17  follows:
18              The ALJ cited claimant's treatment records with
19  Dr. Quinones-Guzman indicating that he liked to be active at
20  school, playing basketball, but primarily played
21  PlayStation at home.  See docket number 11, attachment 2 at
22  29, that's transcript page 28, citing also docket number 11,
23  attachment 11 at 89, transcript page 1114.  And the ALJ also
24  cited claimant's treatment record with Dr._Quinones-Guzman
25  indicating that claimant had, quote, no restrictions in

1   physical activity, end quote.  See docket number 11,
2   attachment 2 at 29, transcript page 28, therein citing
3   docket number 11, attachment 11 at 65, transcript page 1090.
4           As defendant asserts, the ALJ did not need to
5   reproduce his discussion of the normal clinical findings in
6   the paragraph where he discounted Dr. Quinones-Guzman's
7   opinion.  Instead, the ALJ's opinion included numerous other
8   benign findings including, inter alia, Dr. Noia's finding
9   that claimant showed no difficulty understanding and
10  following simple directions, despite a mild intellectual
11  disability; also notations in the record that claimant made
12  progress in reading and math and was able to follow simple
13  explicit instructions despite poor class attendance; and
14  claimant's recent report cards and IEPs reflecting that he
15  was a pleasure to have in class, was friendly with adults
16  and peers, and that his behavior improved.
17          For each of these reasons the Court is able to
18  glean the ALJ's rationale for not adopting Dr.
19  Quinones-Guzman's opined limitations.  Although plaintiff
20  highlights evidence in the record that supports
21  Dr. Quinones-Guzman's opinion, it is not the position of
22  this Court, this reviewing Court, I should say, to reweigh
23  the evidence.  In addition, for the reasons set forth
24  herein, I reject plaintiff's argument that claimant meets
25  listing 112.04(B), because the ALJ supportably rejected the

```
 1   opinion of Dr. Quinones-Guzman.
 2           The Court notes as follows:  Moreover, as set
 3   forth in defendant's brief, even assuming arguendo that the
 4   ALJ had adopted Dr. Momot-Baker's entire assessment,
 5   plaintiff still would not have established marked
 6   limitations in at least two functional equivalence domains
 7   or two paragraph B domains.  Further, as set forth in
 8   defendant's brief, plaintiff does not offer any support for
 9   her assertion that Dr. Noia's TONI-4 quotient of 64 equates
10   to a marked limitation in acquiring and using information or
11   that claimant's delayed speech and language skills equated
12   to a marked limitation in interacting with others.
13           Based on this analysis and for the following --
14   and for the reasons that I just stated, therefore
15   plaintiff's motion for judgment on the pleadings is denied.
16   Defendant's motion for judgment on the pleadings is granted.
17   Plaintiff's complaint is hereby dismissed.  And the
18   Commissioner's decision denying plaintiff benefits is
19   hereby affirmed.
20           This constitutes the analysis and decision of this
21   Court.
22                            - - - - -
23
24
25
```